# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: JAMES P. HAFNER ) Case No.: 17-82779-CRJ-7
SSN: xxx-xx-4908 )
)
SUSAN D. HAFNER )
SSN: xxx-xx-5652 ) Chapter 7

## MOTION TO MODIFY AUTOMATIC STAY TO ALLOW MOVANT TO LIQUIDATE HIS CLAIMS AGAINST THE DEBTOR IN STATE COURT AND COLLECT AGAINST AVAILABLE INSURANCE COVERAGE

COMES NOW Raymond Crumpton ("Plaintiff" and "Mr. Crumpton"), a creditor in the above-styled Chapter 7 case, and respectfully represents:

### Background

1. On April 26, 2017, Mr. Crumpton filed a timely Complaint in the Circuit Court of Jefferson County, Alabama, seeking compensatory and punitive damages from James Palmer Hafner ("Debtor" and "Mr. Hafner") and from his employer for, among other counts, the Debtor's willful and wanton actions that proximately caused a serious traffic collision.

2. On September 18, 2017, Mr. Hafner and his wife, Susan D. Hafner, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

3. On December 7, 2017, Mr. Crumpton filed a timely adversary proceeding Complaint asking this Court to determine that his claims against the Debtor in the state court action should survive the Debtor's discharge under § 523 of the Bankruptcy Code.

### Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Requested Relief

6. By this motion, Mr. Crumpton seeks an order of this Court modifying the automatic stay of 11 U.S.C. § 362 to allow him to proceed with his state court lawsuit against the

Debtor and the Debtor's employer, with collection of any judgment against the Debtor limited at this time to any amounts recoverable under any applicable insurance policy.

7. Bankruptcy Courts have granted the stay relief sought by this motion in similar cases. *See, e.g., In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." *In re 15375 Memorial Corp.,* 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets [without Bankruptcy Court permission], there is no basis for continuing the automatic stay"; *In re Grace Indus., Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); also see, *In re Todd Shipyards Corp.*, 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.").

8. Plaintiff avers that allowing the state court action to proceed to judgment to the extent provided herein would neither interfere with this Chapter 7 case nor prejudice other creditors since any proceeds payable to the Plaintiff under any applicable insurance policy are not property of the estate.

9. The relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest as the Plaintiff's tort claims will be addressed in the most efficient forum (i.e., the state court that already has the case).

WHEREFORE, premises considered, the Movant prays that this Court will enter an Order:

1. Modifying the automatic stay of 11 U.S.C. § 362 to allow him to proceed with his state court lawsuit against the Debtor and the Debtor's employer, with collection of any judgment against the Debtor limited at this time to any amounts recoverable under any applicable insurance policy; and

2. Granting such further relief to the Plaintiff as this Court deems just and proper.

Respectfully submitted, this 13th day of December, 2017.

>  */s/ Tazewell T. Shepard*
>  Tazewell T. Shepard III
>  Kevin M. Morris
>  Tazewell T. Shepard IV
>  *Attorneys to Plaintiff*
>  **SPARKMAN, SHEPARD & MORRIS, P.C.**
>  P. O. Box 19045
>  Huntsville, AL 35804
>  Tel: 256/512-9924
>  Fax: 256/512-9837

# CERTIFICATE OF SERVICE

   This is to certify that I have this day served the foregoing document upon all parties listed on the Clerk's Mailing Matrix; James P. Hafner and Susan D. Hafner , Debtors, 101 Misty Creek Drive, Meridianville, AL 35759; G. John Dezenberg, Attorney for the Debtors, 908 N. Memorial Parkway, Suite C, Huntsville, AL 35801; William Reeves Andrews, Attorney for Raymond Crumpton, Marsh Rickard Bryan, 800 Shades Creek Parkway, Suite 600-D, Birmingham, AL 35209; Thomas A. Wheat IV, Attorney for Nationwide, Law Office of Celeste P. Armstrong, 3000 Riverchase Galleria, Suite 900, Birmingham, AL 35244; and Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

   Done this 13th day of December, 2017.

                     */s/ Tazewell T. Shepard*
                     Tazewell T. Shepard